UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILES ELWYNN ORCUTT,

    Petitioner,

v.                                               CASE NO: 8:11-CV-2134-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, Giles Elwynn Orcutt, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #13) and Petitioner's reply (Dkt. #33). Upon review and consideration of the pleadings and the applicable law, the Court determines that the petition is due to be dismissed because the Court lacks jurisdiction and, even if the Court had jurisdiction, the petition is time barred.

## BACKGROUND

Orcutt is presently serving a term of life in prison from his conviction for second degree murder in 1977.

    **A.**    **Factual Background**

The factual background is taken from the charging documents and probable cause affidavit. In case number CF-76-2015A1, Orcutt was charged with robbery, aggravated

battery, and grand larceny for beating Joseph Webb with a motorcycle helmet on October 12, 1976, and stealing Webb's money and automobile. Webb was found at the scene in a dazed condition and taken to the Winter Haven Hospital where he lapsed into a coma.

An arrest warrant was issued for Orcutt. He was found at his parents' home in Rockville, Maryland, on October 20, 1976, and arrested by Trooper Kenneth Pollock. Orcutt admitted to Trooper Pollock that he hit Webb in the head with a motorcycle helmet and took Webb's money and car.

Webb never recovered from his wounds. He died on November 11, 1976. The State of Florida charged Orcutt with first degree murder in case number CF-76-2192A1. Specifically, the State alleged that Orcutt "did inflict mortal wounds upon the said Joseph Dallas Webb, by striking and beating him with a motorcycle helmet, a further description of which is to the grand jurors unknown, from which blows and beating the said Joseph Dallas Webb did languish and die on the 11th day of November, 1976 . . .." (Resp. Exs. 1 and 2).

Orcutt, represented by an assistant public defender, entered a plea of guilty to robbery, a first degree felony, in case number CF-76-2015(A)(1), and to second degree murder in case number CF-76-2192(A)(1). The State *nolle prossed* the remaining counts as a part of the plea agreement. Orcutt was sentenced to ten years in prison on the robbery conviction and life in prison on the second degree murder conviction. His written judgments were entered March 11, 1977. (Resp. Exs. 3 and 4).

### B. Procedural History

The procedural history is taken from the Response.

Orcutt did not file a direct appeal. He did file a motion to mitigate his sentence shortly after it was entered, but that motion was denied on March 18, 1977. In 1981, Orcutt was released on parole. That parole was revoked in 1989 as a result of several violations.

Orcutt filed a *pro se* motion to correct sentence and apply credit for presentence jail time under Florida Rule of Criminal Procedure 3.800(a), reflecting it was delivered to prison officials for mailing on October 14, 2007. (Resp. Ex. 5, V 1 R 26-62). He was awarded seven days additional jail credit by order rendered January 4, 2008. (Resp. Ex. 5, V 1 R 63).

On February 8, 2008, Orcutt filed a *pro se* (undated) motion to mitigate his sentence under Florida Rule of Criminal Procedure 3.800(c). (Resp. Ex. 5, V 1 R 66-175, V 2 R 176-237). The state circuit court eventually granted the state's motion to dismiss the application on untimeliness grounds, after which Orcutt sought certiorari review of the procedural ruling. On March 19, 2008, the state district court denied his certiorari petition in case no. 2D08-6398. *Orcutt v. State*, 56 So. 3d 7 (Fla. 2d DCA 2010)[table].

Orcutt filed a *pro se* motion for postconviction relief dated April 1, 2009, under Florida Rule of Criminal Procedure 3.850, in which he alleged the existence of newly discovered evidence. (Resp. Ex. 24). The postconviction court summarily denied the rule 3.850 motion by order rendered April 28, 2009, applying rule 3.850's two-year time limit, because Orcutt did not allege that he or his attorney could not have discovered his "new" evidence by the use of due diligence. (Resp. Ex. 25). Orcutt sought rehearing and filed a companion amended *pro se* rule 3.850 motion. (Resp. Exs. 26 and 27). The postconviction court denied both applications. (Resp. Ex. 28). Orcutt appealed, and on March 10, 2010, the

state district court per curiam affirmed the rule 3.850 denial without written decision in case no. 2D09-3228. *Orcutt v. State*, 36 So. 3d 99 (Fla. 2d DCA 2010)[table]. After rehearing was denied, the mandate issued May 21, 2010. (Resp. Ex. 37).

By then, Orcutt had filed a *pro se* motion for "extraordinary" postconviction relief under 3.850 motion dated December 11, 2009. (Resp. Ex. 39). This motion was denied as untimely by order rendered January 11, 2010. (Resp. Ex. 40). Orcutt filed a *pro se* motion for rehearing and amended motion for extraordinary relief. (Resp. Exs. 41 and 42). The postconviction court denied both of Orcutt's applications, finding Orcutt should have known what he was pleading to and did not meet Florida's newly discovered evidence criteria. (Resp. Ex. 43). Orcutt appealed, and on November 5, 2010, in case no. 2D10-1721, the denial was *per curiam* affirmed. *Orcutt v. State*, 48 So. 3d 848 (Fla. 2d DCA 2010)[table]. The mandate issued December 2, 2010. (Resp. Ex. 50A).

Orcutt filed *pro se* a rule 3.800(a) motion which was delivered to prison officials for mailing on September 26, 2010. (Resp. Ex. 51). The postconviction court denied the rule 3.800(a) motion by order rendered October 22, 2010. (Resp. Ex. 52). After rehearing was denied, Orcutt appealed, and on May 4, 2011, the state appellate court per curiam affirmed without written decision in case no. 2D10–6073. *Orcutt v. State*, 65 So. 3d 1061 (Fla. 2d DCA 2011)[table]. Following denial of rehearing, the mandate issued August 10, 2011. (Resp. Ex. 61). On August 18, 2011, his improper application for review of the silent affirmance was dismissed for lack of jurisdiction in case no. SC11-1609. *Orcutt v. State*, 70 So. 3d 587 (Fla. 2011).

Orcutt filed the instant petition on September 16, 2011, asserting a myriad of grounds, all stemming from his main claim that he has a newly discovered factual predicate showing that he pled to a "non-existent" offense of "felony robbery" in case number CF-76-2015(A)(1). This "new factual predicate" appears to have changed over time. In Orcutt's state post-conviction motion, the newly discovered evidence was "various sheriffs' investigative reports" discovered by Orcutt on May 15, 2007. These investigative reports revealed that the victim's sister said that her brother may have had "homosexual tendencies," $60.00 in U.S. currency was recovered from the victim at the hospital, and the attending physician at the hospital said . . . "the victim had a head injury and that's all." Orcutt's Motion for Post-Conviction Relief Based on Newly Discovered Evidence (Resp. Ex. 24, p. 4).

In his petition before this Court, Orcutt asserts the new factual predicate as follows:

> On August 12, 2009, ORCUTT received new information from the trial court showing that his conviction for the offense of "Robbery (Felony)," as entered ambiguously in his Judgment and Sentence was actually a conviction for a higher uncharged offense of "Robbery (Weapon)," however, the plea of guilty was negotiated and entered based on the criminal allegations of simple robbery contained in the information, which wholly omits to allege a Weapon.

(Dkt. #1, p. 17).

## **DISCUSSION**

### A. **Lack of Jurisdiction**

A federal district court has jurisdiction over a habeas petition of a person "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted that language as requiring the petitioner to be "in custody" under the conviction or sentence under attack. *Maleng v. Cook*, 490 U.S. 488 (1989). All of Orcutt's claims concern his plea of guilty to the robbery conviction, not his murder conviction.

Orcutt received a ten-year sentence on his robbery conviction which he began serving in 1977. That sentence has expired. Orcutt is now in custody on his life sentence from his murder conviction. Once the sentence imposed for a conviction has expired, one is no longer "in custody" for the purposes of habeas review. *Id.* at 492. Thus, this Court does not have jurisdiction to entertain a habeas petition attacking Orcutt's expired robbery conviction and the petition must be dismissed.

**B.     Timeliness**

Even if this Court had jurisdiction to entertain Orcutt's habeas petition, it would still be dismissed as time barred. A state prisoner who wants federal habeas relief from his state confinement must file his federal petition within one year from the latest of:

> (**A**) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (**B**) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (**C**) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (**D**) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Orcutt contends his petition is timely because he comes within (D), "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence." If Orcutt does not meet this section, his petition is barred because his one-year limitation period expired long ago under (A), "the date on which the judgment became final by the conclusion of direct review."

Orcutt's judgment was entered March 11, 1977. He did not file a direct appeal. The statute imposing the one-year limitation, the Anti-Terrorism and Effective Death Penalty Act (AEDPA), became effective April 24, 1996. Orcutt's one-year period began to run under AEDPA on the date of its enactment and his judgment became final one year later, on April 23, 1997. *Wilcox v. Florida Dep't of Corr.*, 158 F. 3d 1209, 1210 (11th Cir. 1998).

Orcutt's first state court motion collaterally attacking his sentence was filed in 2009, long after his one-year AEDPA limitation expired. *Tinker v. Moore*, 255 F. 3d 1331 (11th Cir. 2001). Therefore, Orcutt's petition is time barred unless he can meet the requirements of 28 U.S.C. § 2244(d)(1)(D) showing the factual predicate upon which he now relies could not have been discovered more than one year prior to filing his first state post-conviction motion in 2009. In this, he fails.

Orcutt does not demonstrate that the facts underlying his conviction could not have been discovered through due diligence prior to his guilty plea. To the contrary, all "facts"

necessary for conviction were contained within the charging documents and arrest affidavits easily available to Orcutt and his attorney.

A habeas petition that merely alleges the petitioner did not "actually" know the facts underlying his or her claim is insufficient. "Criminal defendants are presumed to have conducted a reasonable investigation of all facts surrounding their prosecution." *In Re: Boshears*, 110 F. 3d 1538, 1540 (11th Cir. 1997) (citing *McCleskey v. Zant*, 499 U.S. 467, 498, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991)). *Boshears* involved claims similar to Orcutt's. Boshears claimed that the state withheld a police report detailing an interview between a police investigator and a physician who examined the victim. In holding that this claim did not meet the "newly discovered evidence" exception to the one-year limitation period, the Eleventh Circuit said:

> Boshears was convicted in September 1978, but he claims that he did not discover these facts until he hired a private investigator in the mid-1980s. He argues that he did not discover the police report earlier because the State withheld the report and listed the wrong examining physician in its answer to his discovery requests. While his arguments do suggest that he and his counsel lacked actual knowledge of the facts underlying his *Brady* claim, Boshears fails to explain why a reasonable investigation would not have uncovered these facts.

*Id*. at 1540-41.

In the instant motion, Orcutt makes no claim that his lawyer did not know that the force used to support the robbery charge was the blow to the head of the victim with a motorcycle helmet. Indeed, that information was included in the murder indictment. But assuming that the lawyer did not know, Orcutt still fails to show that this "factual predicate"

could not have been discovered through the exercise of due diligence prior to the entry of his guilty pleas.

In other words, the one-year time period begins to run when the petitioner knows, or could have known through due diligence, the important facts, not when the prisoner recognizes their legal significance. The Seventh Circuit has explained this important distinction:

> Owens's approach disregards the language of the statute. He proposes that the year to file a federal petition begins when a prisoner *actually understands* what legal theories are available. That is not what § 2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence," not when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate," not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. *See United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979); *Fujisawa Pharmaceutical Co. v. Kapoor*, 115 F. 3d 1332 (7th Cir. 1997); *Goodhand v. United States*, 40 F. 3d 209 (7th Cir. 1994); *Tregenza v. Great American Communications Co.*, 12 F. 3d 717 (7th Cir. 1993). Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.

*Owens v. Boyd*, 235 F. 3d 356, 359 (7th Cir. 2001).

In sum, Orcutt's petition is time barred and, if this Court had jurisdiction, would be dismissed because Orcutt cannot show that his factual predicate is "newly discovered."

Orcutt's claim that he pled guilty to a higher offense than the one actually charged is also procedurally defaulted. Before bringing a motion for habeas relief in federal court, a

prisoner must first fairly and timely present his claims to the highest state court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). A state prisoner who attempts to raise his claims in state court in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent showing a cause for and actual prejudice from the default, or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Here, Orcutt's post-conviction motion was denied as untimely because he did not meet the two-year Florida limitation period within which to bring his motion; his claims were procedurally barred there and are procedurally defaulted here. And he has not shown a fundamental miscarriage of justice or the type of "actual innocence" necessary to overcome his procedural default. *Rozzelle v. Sec., Fla. Dept. of Corr.*, 2012 WL 630204, at *14 (11th Cir. 2012).

If this Court had jurisdiction and the petition were not time barred and procedurally defaulted, it would fail on the merits. As the state post-conviction court succinctly explained:

> In his Motion for Extraordinary Postconviction Relief, Defendant raises a claim of newly discovered evidence. Defendant claims that he was unaware that he pled to Robbery with a Weapon. The Judgment and Sentence shows that the Defendant pled to Felony Robbery pursuant to sec. 812.13, Fla. Statutes. *See* Judgment and Sentence. The Information lists this charge as a first degree felony. *See* Information. Under the robbery statute, if the offender carried a weapon, it is a first degree felony. If a weapon was not used, it is a second degree felony. The Defendant himself admitted to beating the victim with his motorcycle helmet. *See* Probable Cause Affidavit. Based on the above, the Court finds that the Defendant should have known what he was

pleading to.  Additionally, the Court does not find that the claim meets the criteria of newly discovered evidence.

Order Denying Defendant's Amended Motion for Extraordinary Post-Conviction Relief, Appx. Ex. 5, Petition (Dkt. #1).

The manner in which a state defendant is charged and sentenced is a matter of state law.  It does not rise to the level of a federal constitutional claim unless the error is of such magnitude as to constitute a lack of fundamental fairness.  Such is not the case here.  Orcutt was advised in the charging documents of the conduct which the state of Florida contended constituted crimes.  In doing so, the state satisfied federal due process requirements.  Orcutt's claim is an issue of state law, not one to be resolved by this Court through a habeas petition. *Coleman v. Thompson*, 501 U.S. 722 (1991).

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.


CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Even\2011\11-cv-2134.deny 2254.wpd*